915 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Lee WRAY, a/k/a Slick, Defendant-Appellant.
 No. 90-5606.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 20, 1990.
Decided Oct. 16, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (CR-89-127-D)
 Richard A. Elmore, Pfaff, Elmore & Albright, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Byron Lee Wray appeals his conviction and sentence for conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(b)(1)(A) and 846. His sole assignment of error is to the district judge's denial of his motion for acquittal for insufficiency of the evidence to convict him.
 
 
 2
 We have studied the briefs and supporting portions of the record and determined that oral argument would not aid the decisional process. We have therefore dispensed with oral argument. Finding no reversible error, we affirm.
 
 
 3
 The evidence of Wray's participation in the conspiracy charged was direct and overwhelming. Wray's contention on appeal is simply that because the evidence consisted in the main of testimony of persons seeking reduction of sentences being served or involved in plea negotiations, it was of such doubtful credibility as to be not deserving of consideration in assessing its sufficiency to convict. That of course is an unavailing argument. The standard by which the sufficiency of evidence to convict of crime is assessed assumes its credibility and resolves all reasonable inferences in the government's favor. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Sherman, 421 F.2d 18, 199 (4th Cir.1970). The question then is whether, so assessed, it suffices to permit any rational trier of fact to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence here easily meets that standard.
 
 
 4
 Various witnesses testified to delivering multiple kilogram quantities of cocaine to Wray as part of an ongoing operation involving those witnesses and others in buying and distributing cocaine. Wray's evidence directly contradicted those witnesses, tended to depict them as self-serving liars, and Wray as an innocent bystander who knew the confessed drug dealers, may have been present when some of their criminal conduct was happening, but was not involved in and knew nothing about that conduct. That this evidence if believed would exonerate Wray is of course beside the point. The jury obviously disbelieved it, credited the opposing evidence, and therefore found Wray guilty. The evidence tending to prove his guilt easily sufficed to support the conviction when assessed under the appropriate standard.
 
 
 5
 AFFIRMED.